**In re CURRIVAN'S CHAPEL OF THE SUNSET, a California corporation, Debtor.**

**Bankruptcy No. C–85–3427–WWS.**

United States District Court, N.D. California.

July 23, 1985.

Iain A. MacDonald, Stephanie M. Whidden, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for appellant Currivan's Chapel of the Sunset.

Glenn A. Lerner, Harvey Sohnen, Joseph F. Zellmer, Lerner & Veit, San Francisco, Cal., for Currivan Investments, Inc.

SCHWARZER, District Judge.

Debtor Currivan's Chapel of the Sunset appeals a bankruptcy court order requiring a $10,000 security deposit as a condition of debtor's assumption of a lease of property owned by appellee Currivan Investments, Inc. For the reasons set forth below, the bankruptcy court's order is affirmed.

Debtor and appellee are each inter-related parts of a family operated mortuary service. The primary shareholder of appellee is Margret Currivan. The primary shareholder of debtor are her sons, James and Gregory Currivan.

Mrs. Currivan recently brought suit against her sons and debtor alleging that they had exercised undue influence and fraud in procuring gifts of stock of appellee from Mrs. Currivan. After a three week trial, a jury awarded Mrs. Currivan $220,000, and assessed punitive damages against the brothers individually in the amount of $40,000. The award led debtor to file its bankruptcy petition.

Debtor had been leasing property from appellee since 1974 at the rate of $5,500 per month. The present market rate is approximately $20,000 per month. Although a copy of the lease has not been introduced in evidence, it appears from testimony given that the lease expires on December 31, 1985. Appellee must receive its monthly lease payment or it will default on its mortgage and lose title to the property. Debtor has sufficient cash reserves to pay a $10,000 cash security deposit. Debtor has not been in default on the lease.

The bankruptcy court found that appellee was reasonably concerned that debtor would not timely perform its obligations under the lease, including the obligation to timely vacate the premises. Thus, upon motion by the debtor for approval of its assumption of the lease, the bankruptcy court, at the appellee's (lessor's) request, conditioned approval on the payment of a $10,000 security deposit.

▮ Debtor-appellant contends that because there had been no default under the lease, the bankruptcy court lacked power to require the posting of a security deposit. It notes that 11 U.S.C. § 365(b) authorizes the court to require assurance of future performance under a lease to be assumed only if there has been a default. Moreover, § 365(a) is inapplicable because it is directed at conditions to protect the estate. *See generally* 2 *Collier on Bankruptcy* ¶ 365.04 p. 365–15 (1985).

However, the bankruptcy court under 11 U.S.C. § 105 has authority to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The court's equitable powers are broad. For example, in *In re Petur U.S.A. Instrument Co., Inc.*, 35 B.R. 561 (Bankr.W.D.Wash.1983), the bankruptcy court refused to allow a debtor to reject an executory contract where rejection would lead to collapse of an ongoing profitable business run by the other party to the contract. The court found that the damage to the nondebtor party would be grossly disproportionate to the benefit to the estate of rejection.

▮ This case presents a similar situation. Appellee has reason to believe that debtor will not adequately perform on the contract, and debtor's failure would substantially harm appellee. The condition placed on assumption of the lease, a $10,000 deposit, will not interfere with rehabilitation of the debtor. Moreover, since it is a deposit, and not a fee, debtor loses only the

time-value of its money which, in this case, is not substantial.

Debtor argues that the bankruptcy court cannot use its equity powers to modify the bankruptcy code. Since § 365 does not authorize the court to impose conditions on the assumption of a lease in the absence of a default, debtor claims the court was foreclosed from imposing the $10,000 requirement. There is, however, no specific prohibition against imposing conditions on assumption of a lease or contract in the absence of a default. Thus, the bankruptcy court's exercise of its equitable powers does not work to modify or abridge any rights under the bankruptcy code.

In light of the bankruptcy court's findings and the minimal interference with the debtor's attempt to rehabilitate itself, the bankruptcy court's order must be affirmed as a valid exercise of its equitable powers.

IT IS SO ORDERED.